UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD COHAN,

               Plaintiff,                          Case No. 19-10786

vs.                                         HON. MARK A. GOLDSMITH

GENJI NOVI, INC.,

               Defendant.

_____/

## OPINION & ORDER
## GRANTING IN PART AMENDED MOTION TO STRIKE (Dkt. 18)

This matter is before the Court on Plaintiff Howard Cohan's amended motion to strike

(Dkt. 18). Cohan brought this action under Title III of the Americans with Disabilities Act

("ADA") against Defendant Genji Novi, Inc., a restaurant in Novi, Michigan. Cohan, a disabled

individual, alleges that the restaurant has numerous architectural barriers, which denied him equal

access and enjoyment of the establishment. Cohan seeks to strike five of Genji's thirteen

affirmative defenses under Federal Rules of Civil Procedure 11 and 12. Genji filed a response

opposing Cohan's motion (Dkt. 20). No reply brief was filed. For the reasons discussed below,

Cohan's motion is granted in part.

## I.      LEGAL STANDARD

A court has the discretion to strike an insufficient defense from a pleading, Fed. R. Civ. P.

12(f), but such relief is disfavored and infrequently granted, Operating Engineers Local 324 Health

Care Plan v. G & W Constr. Co., 783 F.3d 1045, 1050 (6th Cir. 2015). An affirmative defense is

insufficient where "as a matter of law, the defense cannot succeed under any circumstances."

Specialized Pharm. Servs., LLC v. Magnum Health & Rehab of Adrian, LLC, No. 12-12785, 2013

WL 1431722, at *6 (E.D. Mich. Apr. 9, 2013) (citing cases). The purpose "of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues" early in the case. <u>Kennedy v. City of Cleveland</u>, 797 F.2d 297, 305 (6th Cir. 1986).

Additionally, pleadings, including affirmative defenses, are governed by Federal Rule of Civil Procedure 11. Rule 11(b) requires that a representation in a pleading be made "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Defenses must be "warranted by existing law" or be raised to extend or reverse existing law. Fed. R. Civ. P. 11(b)(2).

## II. DISCUSSION

Cohan takes issue with the following affirmative defenses:[1]

1. Plaintiff failed to provide Defendant notice of the alleged violation of Title III of the Americans with Disabilities Act of 1990 prior to filing this lawsuit and failed to request Defendant to provide alternate access to its facilities or provide Defendant an opportunity to cure the alleged violation of Title III of the Americans with Disabilities Act of 1990.

5. Assuming, arguendo, that the alleged barriers about which Plaintiff complains exist, those barriers will be removed.

10. The goods, services, facilities, privileges, advantages, and accommodations Plaintiff contends that he has been barred from receiving are available to him through alternative methods.

12. Plaintiff's claims are barred to the extent that he failed to mitigate his alleged damages, if any.

13. Plaintiff's claims are barred because the claimed violations are "de minimis" and nonactionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

---

[1] Genji points out that Cohan's motion contains a scrivener's error. Cohan says that he is moving to strike affirmative defense three, without any explanation, and then argues that affirmative defense ten is defective. Based on the supported arguments, it is clear that Cohan is taking issue with affirmative defense ten.

Affirmative Defs. ¶¶ 1, 5, 10, 12, and 13 (Dkt. 12).  The defenses will be addressed in turn.

### 1. Affirmative Defense One – Notice Requirement

Cohan argues that affirmative defense one is insufficient because Title III of the ADA does not have a notice requirement.  Mot. at 3-4 (citing 42 U.S.C. § 12181, et seq.).  Genji's position is two-fold.  In a pre-motion conference, defense counsel represented that the notice defense was raised because pending legislation might make it a viable defense.  Mot. at 4.  However, as Cohan points out, affirmative defenses must be based on what the law is, not what it might become.  Perhaps with that in mind, defense counsel did not raise this argument in Genji's response brief.  Instead, defense counsel argues that notice is relevant to attorney fees.  Resp. at 3.  But this argument is also unavailing.  Affirmative defenses must be pleaded to claims, not to requests for attorney fees.  See Fed. R. Civ. P. 8(b)(1)(A) ("In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it . . . ." (emphasis added)).  Accordingly, affirmative defense one will be struck because it is not warranted by existing law.

### 2. Affirmative Defense Five - Barriers

Cohan argues that affirmative defense five is insufficient because Genji appears to say that the barriers are either non-existent or that they will be removed.  Mot. at 4.  He argues that Genji cannot simultaneously deny that the barriers exist, see Answer ¶¶ 21-22 (Dkt. 10), and that it will remedy any ADA violations, Mot. at 4.  That is not the case.  "A party may state as many separate claims or defenses as it has, regardless of consistency."  Fed. R. Civ. P. 8(d)(3).  Cohan's motion will be denied with respect to affirmative defense five.

### 3. Affirmative Defense Ten – Insufficient Facts

Affirmative defense ten asserts that there were alternative ways for Cohan to enjoy the restaurant.  Cohan's objection to this defense is somewhat unclear.  He argues that Genji is

parroting a particular doctrine, but does not say which one, or why it is an issue. Nonetheless, he also says that there are no facts provided to support affirmative defense ten. Mot. at 3. As to this point, Cohan argues generally that a defense must be accompanied by factual allegations. Id. at 2, 5 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is not necessarily the case.

Certainly, after Twombly, Rule 8(a)(2) requires that a claim for relief must have "enough facts to state a claim to relief that is plausible on its face" to avoid a motion to dismiss. 550 U.S. at 570. But there is a split in this district as to whether heightened pleading standards apply to affirmative defenses. Compare Nexterra Sys. Corp. v. DeMaria Bldg. Co., Inc., No. 16-13454, 2017 WL 345682, at *1 (E.D. Mich. Jan. 24, 2017) (reasoning that Twombly's heightened pleading standard does not apply to affirmative defenses); with Rehab Sols., Inc. v. St. James Nursing & Physical Rehab. Ctr., Inc., No. 14-CV-13651, 2014 WL 6750590, at *1 (E.D. Mich. Dec. 1, 2014) (finding the heightened pleading standard applies to affirmative defenses).

The Court finds that affirmative defenses are subject to the same pleading standards set forth in Twombly. Twombly did not address affirmative defenses directly. Nonetheless, the case is understood to stand for the principle that boilerplate pleadings are insufficient as a matter of law. As another court in this district observed, "[b]oilerplate defenses clutter the docket and, further, create unnecessary work. Opposing counsel generally must respond to such defenses with interrogatories or other discovery aimed at ascertaining which defenses are truly at issue and which are merely asserted without factual basis but in an abundance of caution." Safeco Ins. Co. of Am. v. O'Hara Corp., No. 08-CV-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008). This Court agrees with that assessment.

Rule 8(a) requires "a short and plain statement" of a claim. Similarly, Rule 8(b) requires that defenses must be stated "in short and plain terms." Like a claim for relief, an affirmative

defense does not require "detailed factual allegations," but it must set forth more than mere "labels and conclusions." Twombly, 550 U.S. at 570.

Here, Genji states in short and plain terms that there are alternative methods to enjoy the establishment. That statement is more than a label, such as "estoppel" or "laches," and is not a mere conclusion. Genji makes a straightforward factual statement that alternative methods to enjoy the establishment are available. Nothing more is required under Rule 8. Cohan's motion is, therefore, denied as to affirmative defense ten.

### 4. Affirmative Defense Twelve - Mitigation

Cohan argues that affirmative defense twelve should be struck because there is no duty to mitigate damages under Title III of the ADA. Mot. at 4. Genji does not dispute this point. Resp. at 5. Instead, Genji argues that Cohan has not provided any support for this argument. Id. However, it is not Cohan's burden to prove a negative. If Cohan is mistaken that there is no duty to mitigate damages under Title III of the ADA, Genji should direct the Court to the relevant authority. Therefore, affirmative defense twelve is struck because it does not appear to have any basis in the law.

### 5. Affirmative Defense Thirteen – De Minimis Violations

Cohan argues that there is no de minimis level of discrimination under Title III of the ADA. Mot. at 5. Genji disagrees. Resp. at 5. But defense counsel concedes that she is speculating that any alleged violations are de minimis and even that the barriers exist. She says that it is too early in the litigation to know the factual basis of Cohan's claims because Genji "only has the complaint" and initial disclosures. Resp. at 4-5. But Rule 11 requires more than speculation that an affirmative defense might exist. Rule 11(b) requires that a representation in a pleading be made "to the best of the person's knowledge" and "after an inquiry reasonable under the circumstances." (Emphasis

added).  That is not the situation here.  The defense will be stricken.  However, if facts later develop supporting this defense, Genji should move under Rule 15(a)(2) to amend its defenses, which can be by agreement of the parties or by leave of the Court.

### III.    CONCLUSION

For the reasons stated above, Cohan's amended motion to strike (Dkt. 18) is granted in part.  The Court strikes affirmative defenses one, twelve, and thirteen.  The motion is denied in all other respects.

SO ORDERED.

Dated:  August 28, 2019                           s/Mark A. Goldsmith
     Detroit, Michigan                          MARK A. GOLDSMITH
                                                  United States District Judge